## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNIE BANKSTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 15-cv-1274-SMY ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, KENNETH HAMILTON, TIMOTHY QUIGLEY, and STEVE LYNN, | ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Johnnie Bankston is currently incarcerated at Pontiac Correctional Center, although the events in the complaint occurred at Shawnee Correctional Center. Proceeding *pro se*, Bankston has filed a complaint under 42 U.S.C. § 1983, alleging prison officials violated his rights under the Eighth and Fourteenth Amendments. (Doc. 1 at 6.) He seeks monetary and specific relief.

This matter is now before the Court for a preliminary review of Bankston's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." For the following reasons, Jones's claim does not survive preliminary review.

**Background**

The complaint alleges the following facts. Bankston was issued a ticket for allegedly fighting another inmate. He claims he did not receive notice of his violation in a timely fashion, although it is unclear from the complaint when he received notice in relation to the hearing on the matter. He further alleges that he was denied a continuance to prepare his defense, and as a result was not afforded an adequate opportunity to call witnesses, submit evidence and generally prepare his defense. Bankston was found in violation of the prison's prohibition against fighting and, as a penalty, was denied 30 days of good time credit.

**Discussion**

In *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam), the Supreme Court recognized that some prisoner civil rights cases straddle the line between what is actionable under § 1983, and what should instead be instituted in a habeas corpus action under 28 U.S.C. § 2254.

> Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum time of confinement.

*Muhammad*, 540 U.S. at 750-51 (citations omitted). *Muhammad* is based on two related decisions: *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Heck*, the Supreme Court held that a § 1983 action for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable until the conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87. In *Balisok*, the Supreme Court held that claims that "necessarily imply the invalidity of the deprivation of [the prisoner's]

good-time credits" are not actionable under § 1983 unless the prison disciplinary decision has been invalidated, even though the restoration of credits is not sought as a remedy. 520 U.S. at 646-68.

Bankston was denied 30 days good time and seeks, in part, restoration of his lost good time credit. A finding in favor of Bankson in this § 1983 action would "necessarily imply" that the disciplinary action was invalid, and would therefore run afoul of *Heck* and its progeny. Thus, his civil rights claim only ripens when the disciplinary decision has been reversed or otherwise invalidated. *See Simpson v. Nickel*, 450 F.3d 303, 306-07 (7th Cir. 2006). Because the decision remains in full force, Bankston's due process claim must be dismissed.

The dismissal shall be without prejudice, however, to Bankston raising his claim, should he wish to do so, if and when the actions imposing an extended duration of his confinement are overturned. Bankston may be able to pursue relief in a federal habeas corpus case, after presenting his claim to the Illinois state courts. This includes appealing any adverse decision to the Illinois Appellate Court and the Illinois Supreme Court. The Illinois courts, for example, have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See* 735 ILL. COMP. STAT. 5/14-101 *et seq.*; *Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).

### Pending Motion

Bankston filed a motion for recruitment of counsel. (Doc. 3.) That motion is **DENIED** as **MOOT**.

**Disposition**

**IT IS HEREBY ORDERED** that any and all claims against Defendants are **DISMISSED** without prejudice.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 11, 2015**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).